1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANKONA GRAHAM,

                                    Plaintiff,

        v.

STATE OF NEVADA, et al.,

                                    Defendants.

Case No. 2:24-cv-00790-ART-DJA

ORDER

10      Pro se plaintiff Sankona Graham brings this civil-rights action to redress

11 constitutional violations that he allegedly suffered while he was incarcerated in

12 the custody of the Nevada Department of Corrections ("NDOC"). Graham has

13 applied to proceed *in forma pauperis*. (ECF Nos. 1, 6). Based on the financial

14 information provided, the Court finds that Graham is unable to prepay the full

15 filing fee in this action.

16      On June 18, 2024, this Court screened Graham's Second Amended

17 Complaint ("SAC"), allowing certain specified claims to proceed, dismissing other

18 claims without prejudice, and dismissing the remaining claims with prejudice.

19 (ECF No. 25). The Court stayed this action for 90 days and referred it to the

20 Court's Inmate Early Mediation Program. (*Id*.) The parties did not reach a

21 settlement at the mediation conference. (ECF No. 43). The Court thus grants

22 Graham's *in forma pauperis* application, orders service upon the defendants, lifts

23 the stay, and addresses many of Graham's pending motions for relief.[1]

24
25
26
27
28

---

[1] This order does not address Graham's motions seeking injunctive relief (ECF Nos. 35, 38), reconsideration of the screening order (ECF No. 27), or relief regarding the mediation conference (ECF No. 44).

1    **I.    DISCUSSION**

2        **A.    Motion to seal (ECF No. 22)**

3        Graham moves to seal "information of declarants[,]" vaguely arguing that

4    "declarants are now being targeted for providing testimony and threatened to fix

5    it by hurting or discrediting plaintiff." (ECF No. 22). The only declarant's

6    information that Graham clearly identifies in his motion is the declaration of

7    Jimmy Burgos. (*See id.*) Graham filed the declaration of fellow inmate Jimmy

8    Burgos in support of his first amended complaint and motion seeking a

9    temporary restraining order and a preliminary injunction. (ECF No. 19). The

10   Court has reviewed Burgos's declaration, which states that certain corrections

11   officers have retaliated against him and failed to protect him and other inmates

12   while he was incarcerated at Ely State Prison ("ESP"). (*Id.*)

13       The Court has disregarded the first amended complaint and denied the

14   motions associated with non-party Burgos's declaration. (*See* ECF No. 25). And

15   it finds that Burgos's privacy interest in reports of officer misconduct is a

16   compelling reason to currently seal his declaration from the public's view. *See*

17   *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)

18   (explaining the good-cause and compelling-reason standards for sealing judicial

19   records and documents); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092

20   (9th Cir. 2016) (applying the compelling-reasons standard to exhibits to an

21   injunctive-relief motion that is "more than tangentially related to the merits of

22   [the] case"); *accord* Nev. LR IA 1-5 (c), (d) (explaining that documents filed under

23   seal must be served on opposing attorneys or pro se parties unless the moving

24   party provides an affidavit showing good cause why that should not happen).

25   Accordingly, the motion to seal is granted in part as to sealing Burgos's

26   declaration from the public's view and denied in all other respects.

27

28

1    **B.    Motions for a screening order (ECF Nos. 23, 24).**

2    Shortly before the Court screened the SAC, Graham filed a motion asking

3    for a screening order, and he filed a separate motion supporting his earlier-but

4    unsuccessful motions seeking the same relief. (ECF Nos. 23, 24). These motions

5    are moot and procedurally improper. This Court's general order governing pro se

6    inmate non-habeas civil-rights filings instructs that "[n]o party may file a motion

7    if he or she has another motion on the same subject matter already pending

8    before the Court." General Order No. 2021-05 at 5. "Motions submitted in

9    violation of this General Order may be struck or may be summarily denied." (*Id.*)

10    "When a motion is filed, the opposing party may file one response, usually

11    an opposition." *Id.* at 4. "After a response to a motion is filed, the party who filed

12    the motion may file a reply in support of the motion." *Id.* But "[n]o other

13    documents, such as supplements or responses to the reply, may be filed unless

14    the Court grants permission to do so." *Id.* "Parties must not use notices or letters

15    to ask the Court to rule on a motion." *Id.* And "[t]he parties may not file evidence

16    with the Court until the course of litigation brings the evidence into question.

17    (ECF No. 2 at 3).

18    Graham is advised that his habit of filing new motions that are, in

19    substance, identical to motions he has already filed; filing motions seeking

20    updates or immediate action on matters that are already pending before the

21    Court; and filing notices and exhibits that are really just unauthorized

22    supplements to existing motions, will not increase the speed with which the Court

23    is able to proceed in this case. The Court has a heavy docket. And Graham's

24    repetitive and borderline frivolous filings only *slow* the pace of this litigation by

25    requiring the Court's attention and consideration of small and secondary matters

26    instead of the central issues in this case. Graham is warned that neither his

27    status as a pro se nor an indigent litigant will dissuade the Court from

28

considering sanctions against him for filing groundless or duplicative motions. Accordingly, the motions for a screening order are denied.

### C.        Motion for a free copy (ECF No. 28)

Graham moves the Court to provide him a free file-stamped copy of the emergency motion for a preliminary injunction and/or protective order that was filed at ECF No. 21. (ECF No. 28). Graham argues that he needs a free copy of ECF No. 21 because he's not sure if the documents filed at ECF Nos. 18 and 19 were correctly scanned by the prison's law library, so he mailed a duplicate injunctive-relief motion and exhibits to the Court as a protective measure. The duplicate motion and exhibits were filed at ECF No. 21. This motion is moot, and Graham is not entitled to the relief he seeks.

The Court has already explained that it received two complete copies of the injunctive-relief motion and exhibits, and it denied both motions on their identical merits. (*See* ECF No. 25 at 34–35). If Graham wishes to receive copies of documents or files from the Court, the cost is $0.50 per page. 28 U.S.C. § 1914; Nev. LR IC 1-1(i)(5) (e-filing institutions); Nev. LR 10-1 (mail institutions). Although Graham should not mail documents to the Court for filing because he is housed at an e-filing institution, if he wishes to receive a file-stamped copy of such documents, then he must include an "additional copy for that purpose in [his] mail filing." (*See* ECF No. 2 at 2). Accordingly, the motion for a free file-stamped copy of ECF No. 21 is denied.

### D.     Motion for the appointment of counsel (ECF No. 31)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether

exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Graham moves the Court to find and appoint him a free attorney, arguing that his education is limited and this action presents complex issues. (ECF No. 31). The Court is sympathetic to Graham's limited education, but that is common for inmates litigating civil-rights actions. The matters at issue here are not particularly complex. And Graham has articulated colorable claims for relief and demonstrated an ability to communicate the basis of his disputes to the Court on a pro se basis. But the Court cannot conclude on this record that Graham is likely to succeed on the merits of any claim. The Court does not find exceptional circumstances warranting the appointment of counsel, so the motion for that relief is denied without prejudice.

### E.    Motion to verify Graham's identity (ECF No. 33)

What remains is Graham's motion asking the Court to set a hearing to verify his identity. (ECF No. 33). Graham argues that "NDOC/ESP has in the past tampered with cases and access to the courts by foisting false denials, refusals, or excuses to affect telephonics & hearings." (*Id.* at 1). Graham also argues that "they . . . have been suspected to use informants or other inmates to impersonate [him] on A.G. calls." (*Id.*) There are no factual allegations or evidence supporting these fantastical assertions.

To support his argument, Graham generally cites to a civil-rights action filed by another inmate who asserted that he failed to attend a court hearing on December 20, 2022, because prison staff threatened to harm him if he did. (*Id.* (citing *Jasmine Sanchez v. Chet Rigney*, Case No. 3:22-cv-00259-MMD-CSD (D. Nev.) ("*Sanchez*"))). Graham's reliance on *Sanchez* is mistaken. In *Sanchez*, the district court found that the plaintiff's "testimony was not credible, and that his

accusations about the two officers regarding the events on December 20, 2022, are false." *Sanchez*, ECF Nos. 51 at 3 (R&R), 61 (order adopting R&R in full). Accordingly, the motion for a hearing to verify Graham's identity is denied.

## II.   CONCLUSION

It is therefore ordered that Graham's application to proceed *in forma pauperis* **(ECF Nos. 1, 6) is GRANTED**. Graham will not be required to pay an initial installment of the filing fee. And Graham is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security. But in the event that this action is later dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

It is further ordered that the Nevada Department of Corrections will forward payments from the account of **SANKONA GRAHAM, #1271113** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits—in months that the account exceeds $10—until the full $350 statutory filing fee has been paid for this action. The Clerk of the Court will **SEND** a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

It is further ordered that the Clerk of the Court will electronically **SERVE** a copy of this order and a copy of the Second Amended Complaint (ECF No. 26) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within 90 days from the entry date of this order consistent with Federal Rule of Civil Procedure 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 25), within 21 days from the entry date of this order, the Attorney General's Office will file a notice advising the Court and Graham of: (a) the names of the

defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Graham the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Graham will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Graham will provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the Second Amended Complaint (ECF No. 26) within 60 days from the entry date of this order.

It is further ordered that Graham will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for the Court's consideration. If Graham electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. LR IC 4-1(b); Nev. LR 5-1. But if Graham mails the document to the Court, he will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Graham will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The

Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

It is further ordered that Graham's motion to seal **(ECF No. 22) is GRANTED in part** as to sealing the declaration of Jimmy Burgos (ECF No. 19) from the public's view and **DENIED in all other respects**.

It is further ordered that the Clerk of the Court will **SEAL and MAINTAIN THE SEAL on ECF No. 19** until the Court directs otherwise.

It is further ordered that Graham's motions for a screening order, for a free copy of ECF No. 21, and to verify his identity **(ECF Nos. 23, 24, 28, 33) are DENIED**.

It is further ordered that the motion for the appointment of counsel **(ECF No. 31) is DENIED without prejudice.**

It is further ordered that this case is no longer stayed.

It is further ordered that the Clerk of the Court will send Plaintiff Sankona Graham a courtesy copy of General Order No. 2021-05.

DATED THIS 5th day of September, 2024.

_____
UNITED STATES MAGISTRATE JUDGE