UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANKONA GRAHAM,<br><br>                    Plaintiff,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-00790-ART-DJA<br><br>ORDER<br><br>(ECF Nos. 51, 64, 66, 73, 74, 75, 79, 80) |

Although this action is barely beyond the screening stage, the docket has amassed over 75 documents. The Court now addresses several of the parties' pending motions seeking various relief.

**I.  DISCUSSION**

    **A.  Motions to Substitute Doe Defendants (ECF Nos. 51, 74)**

Graham filed two motions for leave to substitute the true names of the doctors and nurses at High Desert State Prison ("HDSP") who are responsible for the delays providing his seizure medication and the corrections officer who told him to "hurry up and die" when he buzzed control on February 2, 2024, complaining that he was having seizures and out of his medication. (ECF Nos. 51, 74). Interested Party NDOC opposes this request, arguing that Graham failed to provide a proposed amended complaint and has not demonstrated that the amendment he seeks would not be futile. (ECF No. 67). Graham argues in reply that he is merely complying with the Court's direction that he must seek leave of Court to substitute the true names of the Doe defendants if he wishes to pursue claims against them. (ECF No. 69).

Although the screening order did not direct Graham to submit a proposed amended complaint with a motion seeking to substitute Doe defendants, a proposed amended complaint is generally contemplated by Federal Rule of Civil Procedure 15(c) and Local Rule 15-1(a). A review of the SAC shows that it does not contain sufficient factual information about each doctor's and nurse's involvement in the alleged delay providing Graham's seizure medication to allow any of them to be substituted without a proposed

amended complaint. And it is not clear if Graham contends that the name of the officer who said "hurry up and die" is Bocanegra, Torres, or both. (*See* ECF No. 74 at 1).

Additionally, Graham points out that R. Williams and Williams are two separate defendants, and he argues that Williams's violations happened while he was housed in Unit 4 C/D while R. Williams's violations happened while he was housed in Unit 10F. To the extent Graham contends that the Court erroneously attributed allegations about one defendant for the other, he is mistaken. The screening order acknowledges that R. Williams and Williams are two separate defendants. (ECF No. 25 at 13). The Court allowed claims to proceed against R. Williams but not Williams. It did so because the SAC's allegations state that R. Williams engaged in misconduct when Graham was housed in Unit 4 C/D and 10F. (ECF No. 26 at 18–19 & 22, ¶¶ 19–21, 31). If Graham believes that the SAC's allegations are mistaken about which Williams did what, he must seek leave of Court to file an amended complaint to correct any mistake.

Considering these issues, the Court denies the motions to substitute defendants without prejudice to Graham's ability to file a **single** new motion for that relief along with a proposed third amended complaint **after** the Court enters a scheduling order in this action. Because an amended complaint replaces the one before it, *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989), the amended complaint must contain all claims, defendants, and factual allegations that Graham wishes to pursue in this action, subject to the findings of the screening order. (ECF No. 25). The proposed amended complaint must clearly identify the true name of any Doe defendant sought to be substituted and state what additional facts are necessary to show how each of them violated his Eighth Amendment right to adequate medical care.

### B.     Motion for Free Copies (ECF No. 66)

Graham moves the Court to provide him free copies of documents that were filed between September 9 and 19, 2024, arguing that he did not receive them because he was transferred from ESP to HDSP on September 11, 2024. (ECF No. 66). Graham has since responded to at least one of the motions that he possibly missed. (Compare ECF No. 56

(motion), *with* ECF No. 72 (response)). And Defendants confirm that they have since provided Graham with copies of documents filed at ECF Nos. 50–76, except documents that were filed under seal. (ECF No. 82). Because Graham has now received the documents that he missed due to the prison transfer, his motion for free copies is denied as moot.

      **C.**     **Motions for Various Relief (ECF Nos. 64, 73, 75, 79, 80)**

Graham has filed several motions with provocative captions like "reporting criminal misconduct," "proposed stipulation on settlement and motion to dismiss," "emergency motion to intervene," and "reporting more retaliation and requesting show cause hearing." (ECF Nos. 64, 73, 75, 80). Defendants move to strike or alternatively deny the first of these motions, arguing that it is an unauthorized surreply and isn't properly supported by legal authority. (ECF No. 79). Defendants' points are well taken.

Graham frequently labels his motions as emergencies without complying with this Court's local rule governing those requests. *See, e.g.*, Nev. LR 7-4 (explaining procedure and that "[e]mergency motions should be rare"); ECF No. 10-3 at 5 (explaining procedure); ECF No. 50-1 at 5 (same). Graham's requests for emergency relief are denied. And Graham's motions are denied in all other respects because there is no legal authority supporting the relief sought, they inappropriately duplicate relief that Graham seeks in other motions, and they needlessly repeat the legal and factual points of Graham's underlying claims. *See, e.g.*, Nev. LR 7-2(d) (explaining that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion"); ECF No. 10-3 (supplying Graham with General Order No. 2021-05 stating procedure for filing motions and cautioning that duplicative motions may be struck or summarily denied); ECF No. 50-1 (again supplying Graham with General Order No. 2021-05); ECF No. 2 at 3 (advisory letter instructing that filing repetitive motions is an abusive litigation tactic that can result in sanctions).

Graham might be attempting to seek a restraining order or injunction requiring defendants to take or cease certain actions. Or he might be attempting to amend or

supplement his pleading based on allegations of new or ongoing constitutional violations. Graham cannot obtain any of this relief by simply couching his motions as seeking "sanctions" or a "show cause hearing" or by "reporting" violations or misconduct to the Court. Instead, Graham must file a properly supported motion clearly stating the relief he seeks and demonstrating that he is entitled to it under the appropriate legal standard. Graham's argument that he cannot do this because prison officials are withholding caselaw is unavailing: the Court has provided Graham the applicable procedural and legal authorities. (*See, e.g.*, ECF Nos. 10 at 10–11 (stating legal standard for restraining orders and injunctive-relief), 10-3 at 2–4 (stating procedure and standard for initial and amended pleadings), 50-1 at 2–4 (same); 10-2 at 4 (same), 2 at 2 (same)).

Graham is advised that all litigants, whether appearing pro se or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's standing orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); *King Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Graham is cautioned that the Court may strike any future motion he files that fails to comply with these basic requirements without further prior notice.

## II.     CONCLUSION

It is therefore ordered that the motions to substitute defendants (ECF Nos. 51, 74) are denied without prejudice to Graham's ability to file a **single** new motion for that relief along with a proposed third amended complaint **after** the Court enters a scheduling order in this action.

It is further ordered that the motion for free copies (ECF No. 66) is denied as moot.

It is further ordered that Graham's motions for various relief (ECF Nos. 64, 73, 75, 80) are denied.

It is further ordered that Defendants' motion to strike or deny Graham's motion for sanctions (ECF No. 79) is granted in part as to denying the motion for sanctions and it is denied in all other respects.

DATED THIS 8th day of October 2024.

_____
UNITED STATES MAGISTRATE JUDGE