UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sankona Graham,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada, et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-00790-ART-DJA<br><br>**Order** |

Before the Court are eight motions filed by pro se Plaintiff Sankona Graham. (ECF Nos. 85, 86, 87, 88, 93, 94, 96, 98). The Court addresses each below. Additionally, the Court admonishes Plaintiff that his habit of filing excessive motions *slows* the pace of this litigation and unnecessarily clutters the docket.

**I.　　Plaintiff's motions.**

　　***A.　　Motion to clarify/modify (ECF No. 85).***

Plaintiff moves to supplement his prior motion to reconsider[1] the Court's screening order.[2] (ECF No. 85). But the Court has already resolved Plaintiff's motion to reconsider the Court's screening order. (ECF No. 92). Because Plaintiff's motion to reconsider has been resolved, the Court denies his motion to "clarify/modify" it as moot.

　　***B.　　Motion for leave to add Nurse Penny (ECF No. 86).***

Plaintiff moves to "add Nurse Penny" to Plaintiff's "response"[3] to the Office of the Attorney General's ("OAG") acceptance of service on behalf of certain Defendants.[4] (ECF No.

---

[1] (ECF No. 27) (Plaintiff's motion to reconsider the Court's screening order).

[2] (ECF No. 25) (Court's screening order).

[3] (ECF No. 71) (Plaintiff's "response" to the OAG's acceptance of service).

[4] (ECF No. 70) (OAG's acceptance of service).

86). In that "response," Plaintiff seeks to dismiss his claims against Defendant S. McCracklin. (ECF No. 71). Plaintiff now requests to dismiss his claims against Nurse Penny. (ECF No. 86). However, to the extent Plaintiff wishes to abandon any of his claims, he may do so in an amended complaint or by stipulating to dismissal of those claims. The Court has already provided Plaintiff instructions regarding moving to amend his complaint in its prior order. (ECF No. 84). The Court thus denies Plaintiff's motion to "add Nurse Penny." (ECF No. 86).

### C. Motion for leave to file exhibit under seal (ECF No. 87).

Plaintiff's document is filed as a "motion for leave to file exhibit under seal." (ECF No. 87). However, it appears to be a notice to the Court that he has deposited his "ex parte motion to file exhibit under seal" in the High Desert State Prison's legal mail system. (ECF No. 87). To the extent Plaintiff intends his filing to be a motion, he has not included any argument demonstrating good cause to seal his document. *See* Nevada Local Rule 7-2(a) (explaining that all motions must be supported by a memorandum of points and authorities); *see Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (2016) (explaining that a party seeking to seal judicial records bears the burden of showing good cause or compelling reasons to do so). Because Plaintiff's filing does not appear to be a motion, and to the extent that it is, does not seek any actionable relief or provide arguments and authority for that relief, the Court denies it.

### D. Motion in support of response (ECF No. 88).

Plaintiff moves to supplement his objection[5] to interested party Nevada Department of Corrections' ("NDOC") motion to supplement[6] its opposition[7] to Plaintiff's emergency motion for preliminary injunction.[8] (ECF No. 88). However, the Court has already denied Plaintiff's emergency motion for preliminary injunction and denied NDOC's motion to supplement. (ECF No. 91). So, the Court denies Plaintiff's motion "in support" (ECF No. 88) as moot.

---

[5] (ECF No. 72) (Plaintiff's objection to NDOC's motion to supplement).
[6] (ECF No. 56) (NDOC's motion to supplement).
[7] (ECF No. 46) (NDOC's opposition to Plaintiff's emergency motion for preliminary injunction).
[8] (ECF No. 35) (Plaintiff's emergency motion for preliminary injunction).

### E. Motion requesting that service be made by US Marshals (ECF No. 93).

Plaintiff moves for the United States Marshals Service ("USMS") to effect service on Defendants for whom the OAG has not accepted service and for whom the OAG has provided last-known-address information under seal. (ECF No. 93). Because he is proceeding *in forma pauperis*, Plaintiff is entitled to rely on the USMS for service. Fed. R. Civ. P. 4(c)(3). The Court grants Plaintiff's motion and will order service below.[9]

### F. Emergency motion for leave to modify/amend (ECF No. 94).

Plaintiff moves to supplement his emergency motion for preliminary injunction.[10] (ECF No. 94). Plaintiff attaches an amended version of his emergency motion for preliminary injunction. (ECF No. 94 at 10-47). However, the Court has already denied Plaintiff's emergency motion for preliminary injunction. (ECF No. 91). So, the Court denies his motion to supplement (ECF No. 94) as moot.

### G. Emergency motion for leave to modify/amend (ECF No. 96).

Plaintiff's document is filed as an "emergency motion for leave to modify/amend." (ECF No. 96). However, the filing appears to be a notice informing the Court that Plaintiff submitted an exhibit to the High Desert State Prison's internal legal mail system and intended that exhibit to be attached to his previously-filed emergency motion.[11] To the extent Plaintiff intends this filing to be a motion, he has not included any argument regarding what he is seeking to modify/amend, why, or what authority supports that request. *See* Nevada Local Rule 7-2(a) (explaining that all motions must be supported by a memorandum of points and authorities). In any event, because this filing appears to be a notice and, to the extent it is a motion, seeks relief related to a motion that the Court has already denied, the Court denies it as moot.

---

[9] Plaintiff is reminded that his deadline to perfect service is contained in the Court's prior order, which was entered on September 5, 2024. (ECF No. 50 at 6) (stating "service must be perfected within 90 days from the entry date of this order consistent with Federal Rule of Civil Procedure 4(m)."). If Plaintiff needs additional time for service, he must file the appropriate motion.

[10] (ECF No. 35) (Plaintiff's emergency motion for preliminary injunction).

[11] (ECF No. 94) (Plaintiff's emergency motion for leave to modify/amend).

### H. Motion notice overlooked details of ECF 94.

Plaintiff moves to supplement his emergency motion for leave to modify/amend[12] his emergency motion for preliminary injunction.[13] (ECF No. 98). However, as outlined above, the Court has already denied Plaintiff's emergency motion for preliminary injunction. (ECF No. 91). And by this order, the Court has denied Plaintiff's emergency motion for leave to modify/amend. So, the Court denies his motion "notice overlooked details" (ECF No. 98) as moot.

## II. Admonishment.

Plaintiff is advised that his habit of filing new motions that seek to improperly supplement or amend motions and documents he has already filed will not increase the speed with which the Court is able to proceed in this case. This Court has a heavy docket. Plaintiff's case is just one of hundreds before the Court. Thus, Plaintiff's repetitive (and borderline frivolous) filings only *slow* the pace of this litigation by requiring the Court's attention and consideration of secondary matters instead of the central issues in this case.

The Court has already noted that Plaintiff's motions often "inappropriately duplicate relief that [he] seeks in other motions, and they needlessly repeat the legal and factual points of [his] underlying claims." (ECF No. 84 at 3). In doing so, the Court warned Plaintiff that "the Court may strike any future motion he files that fails to comply with these basic requirements without further prior notice." (*Id.* at 4). Despite this prior admonition, Plaintiff's motions *still* duplicate relief and needlessly repeat legal and factual points that Plaintiff has already made. The Court again warns Plaintiff that it will strike future motions that improperly "supplement" or duplicate already-filed motions.

---

[12] (ECF No. 94) (Plaintiff's emergency motion to modify/amend).

[13] (ECF No. 35) (Plaintiff's emergency motion for preliminary injunction).

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 85, 86, 87, 88, 94, 96, and 98) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for service (ECF No. 93) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses to Willie Clayton, Emanuel Flores, William Rivera, David Rodriguez, Omar Sanchez, Ryan Schmall, and Nathan Stuart.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the USMS the following for service:

- Seven copies of Plaintiff's second amended complaint (ECF No. 26);
- the summonses issued to Willie Clayton, Emanuel Flores, William Rivera, David Rodriguez, Omar Sanchez, Ryan Schmall, and Nathan Stuart;
- seven copies of the Court's order screening Plaintiff's second amended complaint (ECF No. 25);
- a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff seven copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 form for each Defendant whose address has been filed under seal (totaling seven USM-285 forms). Plaintiff must fill out the blank space asking for the defendant's address by specifying that Defendants' addresses are filed under seal in Case No. 2:24-cv-00790-ART-DJA at ECF No. 77.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff will have until **November 15, 2024** to send his completed Form USM-285 to the USMS for service. Within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on an unserved Defendant, Plaintiff must file a motion with the Court identifying that Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

DATED: October 25, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE