UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sankona Graham,<br><br>                            Plaintiff,<br><br>     v.<br><br>State of Nevada, et al.,<br><br>                            Defendants. | Case No. 2:24-cv-00790-ART-DJA<br><br>**Order** |

Before the Court are eleven motions filed by pro se Plaintiff Sankona Graham.  (ECF Nos. 95, 107, 108, 109, 112, 113, 116, 118, 121, 122, 124).  Also before the Court is Defendants' motion for instructions regarding ECF Nos. 107-111.  (ECF No. 127).  The Court addresses each below.

**I.      Plaintiff's motions.**

   **A.      *Ex parte sealed motions to file documents under seal (ECF Nos. 95, 122).***

Plaintiff moves on an *ex parte* basis to file certain documents under seal.  But Plaintiff does not state that these documents are exhibits to any motions or other documents.  Instead, it appears that Plaintiff is simply attempting to file certain evidence on the docket.  However, the Court is not a repository for Plaintiff's evidence and he need not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion.  *See Garland v. Jones*, No. 2:22-cv-01494-EFB-PC, 2023 WL 414516, at \*1 (E.D. Cal. Jan. 25, 2023).  The Court thus denies Plaintiff's motions and will request the Clerk's Office to strike his filings.  *See Ready Transp. Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (concluding that district courts have the inherent authority to strike documents improperly submitted).

### B. *Motion requesting mandatory relief on merits due to perjury requesting sanctions (ECF Nos. 107, 108).*

In his motion—which is filed twice as ECF Nos. 107 (a motion requesting mandatory relief) and 108 (a motion for sanctions)—Plaintiff reiterates the merits of his case. The Court has already warned Plaintiff that it will not consider motions needlessly repeating the legal and factual points of his underlying claims. The Court thus denies his motions.

### C. *Motion providing furnished USM-285 forms requesting clerk to forward (ECF No. 109).*

Plaintiff moves to ensure that his USM-285 forms are delivered to the United States Marshals Service ("USMS"). The Court's prior order required Plaintiff to send his USM-285 forms to the USMS, not to the Court. (ECF No. 99). In any event, it appears that the USMS has received Plaintiff's USM-285 forms and has attempted service. (ECF Nos. 125, 126, 129, 130, 131, 132, 134, 137). The Court denies Plaintiff's motion as moot.

### D. *Motion for appointment of counsel (ECF No. 112).*

Plaintiff's motion for appointment of counsel is on a form intended for the Ninth Circuit Court of Appeals, not this Court. (ECF No. 112). In any event, the Court denies Plaintiff's motion because he has not demonstrated exceptional circumstances. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denies Plaintiff's motion because it does not find that he has demonstrated exceptional circumstances. Plaintiff has filed what appears to be a stock motion for appointment

of counsel which does not explain why his particular circumstances are extraordinary such that an appointment of counsel is warranted.  Despite his unsuccessful, repetitive motions, Plaintiff has also thus far demonstrated an ability to articulate his claims.  And, without prejudging the outcome, it is unclear whether Plaintiff will succeed on the merits of his claims.  The Court thus denies Plaintiff's motion for appointment of counsel.

### E. Motion IM authorization (ECF No. 113).

Plaintiff moves to appeal *in forma pauperis*.  It appears that Plaintiff is attempting to proceed without paying the filing fee in a Ninth Circuit appeal.  If that is the case, Plaintiff must file his form in his Ninth Circuit appeal case, not this, district court one.  The Court thus denies Plaintiff's motion.

### F. Motion providing excluded pages to ECF 110 and 111 (ECF No. 116).

Plaintiff moves the Court to "view (ECF 110 & 111) which should have been one pleading."  Plaintiff claims that the High Desert State Prison failed to include two pages on those filings and thus attaches them to his motion.  The Court construes Plaintiff's motion as an errata to his motion for temporary restraining order (ECF No. 110) and motion for preliminary injunction (ECF No. 111).  The Court thus grants his motion and will direct the Clerk's Office to re-title the motion as an errata to those motions.

### G. Motion for intervention pursuant to FRCP 24 (ECF No. 118).

Plaintiff moves the Court to allow the Federal Bureau of Investigation, Department of Justice, "Return Strong," "U.S.," "etc." to intervene in this case.  Plaintiff asserts that these parties have an interest in the case "due to the magnitude of claims which they would want to prevent a 'stare decisis effect'…"  Plaintiff essentially asks the Court to add these entities to the case so that they might investigate and prosecute it for him.  Federal Rule of Civil Procedure 24 permits parties move to intervene in cases to which they are not already a party.  It does not, as Plaintiff suggests, allow a plaintiff to "intervene" another party.  Plaintiff has not provided a legitimate basis for intervention under Federal Rule of Civil Procedure 24, so the Court denies his motion.

**H.    Motion providing proof of mailing (ECF No. 121).**

Plaintiff's document appears to be a declaration that he deposited a separate motion in the High Desert State Prison's internal legal mail system.  Plaintiff does not move for any actionable relief.  The Court thus denies his motion.

**I.    Motion to stay scheduling order deadlines (ECF No. 124).**

Plaintiff moves to stay discovery pending a ruling on various motions, a ruling from the Ninth Circuit, the prison law library providing certain case law, and defendants appearing in the case.  The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery, but the Court may stay discovery under Federal Rule of Civil Procedure 26(c), the standard for which is good cause.  *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *2 (D. Nev. Oct 14, 2021).  Plaintiff has not provided any analysis about why he has shown good cause to stay discovery.  The Court thus denies his motion.

**II.    Defendants' motion for instruction (ECF No. 127).**

Defendants move the Court to "clarify which of the motions the Court would like Defendants to substantively respond to out of the over 20 motions Graham has filed since this court's last order."  Defendants have already responded to Plaintiff's motion filed at ECF No. 90.  (ECF No. 105).  And the Court has addressed ECF Nos. 95, 107, 108, 109, 112, 113, 116, 118, 121, 122, and 124 in this order.  Finally, the Honorable District Judge Anne R. Traum has requested a response from Defendants to ECF Nos. 110 and 111.  (ECF No. 128).  There are no other pending motions and so, the Court denies Defendants' motion as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 95, 107, 108, 109, 112, 113, 118, 121, 122, and 124) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** Plaintiff's filings at ECF Nos. 95 and 123.

**IT IS FURTHER ORDERED** that Plaintiff's motion providing excluded pages (ECF No. 116) is **granted.**  The Clerk of Court is kindly directed to re-title this motion as an Errata to

Plaintiff's Motion for Temporary Restraining Order (ECF No. 110) and Motion for Preliminary Injunction (ECF No. 111).

**IT IS FURTHER ORDERED** that Defendants' motion for instruction (ECF No. 127) is **denied as moot.**

DATED: November 27, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE