UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANKONA GRAHAM,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:24-cv-00790-ART-DJA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND OTHER MOTIONS (ECF Nos. 90, 110, 111, 147, 150, 156, 166) |

Pro se Plaintiff Sankona Graham brings this action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). Pending before the Court is Graham's fourth motion for injunctive relief (ECF Nos. 110, 111). Graham filed several additional motions relating to his request for injunctive relief (ECF Nos. 150, 166), one of which Defendants request be stricken (ECF No. 156). Graham also objects to two orders by Magistrate Judge Daniel J. Albregts (ECF Nos. 90, 147).

For the following reasons, the Court denies Graham's motion for a preliminary injunction and temporary restraining order (ECF Nos. 110, 111) and Graham's other motions (ECF Nos. 90, 147, 166). The Court grants Defendants' motion to strike ECF No 150 (ECF No. 156).

**I.　　BACKGROUND**

After screening Graham's Second Amended Complaint, the Court allowed Graham to proceed with a First Amendment claim for retaliation, an Eighth Amendment claim for indifference to other inmates' violence, and an Eighth Amendment claim for indifference to serious medical needs. (ECF No. 25 at 35-36.) The following facts relates to those claims.

In his First Amendment retaliation claim, Graham alleges that after he

1

complained to prison officers that other inmates had taken his property, the officers told inmates that Graham was a snitch. (ECF No. 25 at 18.) Inmates then threatened and harassed him, prison staff moved him near inmates who were acting as "confidential informants," prison staff brought false disciplinary charges against him, and he was transferred to Ely State Prison. (*Id.* at 19.) The Court allowed this claim to proceed against Defendants Schmall, R. Williams, McCracklin, Nunez, and Rivera. (*Id.*)

Graham's Eighth Amendment claim for indifference to other inmates' violence is based on similar allegations: after Graham reported the stolen property to prison officers, the officers told inmates that he was "snitching" and instigated them to fight him. (*Id.* at 23.) The Court allowed this claim to proceed against Schmall, R. Williams, Vaughn, McCracklin, and Nunez.

Graham's second Eighth Amendment claim alleges that prison staff only sporadically brought medication which they knew he needed to treat his seizure condition, and that staff failed to respond to Graham's grievances after he had multiple seizures. (*Id.* at 25.) The Court allowed the portion of the claim alleging indifference to Graham's serious need for medication to proceed against members of HDSP medical staff who were responsible for refilling or renewing Graham's prescription, and the portion of the claim that alleged deliberate indifferent to need for emergency medical attention for his seizure claim to proceed against Defendants Sanchez, R. Williams, Clayton, Flores, Curillo, Guitierrez, McCracklin, Rodriguez, Stuart, Capistro, and another unnamed officer. (*Id.* at 26.)

## II. DISCUSSION

### A. Motion for Injunctive Relief (ECF Nos. 110, 111)

In his motion for a preliminary injunctive and temporary restraining order, Graham repeats some of the allegations in his complaint and makes additional allegations regarding prison write-ups. (ECF No. 110.) He alleges generally that

he is in imminent danger from NDOC staff and inmates. (*Id.* at 2.) He requests that the Court: ensure that he is transferred to California; transfer him to Lovelock Correctional Center ("LCC") pending transfer to California; use all resources to preserve his life, property, and health; return or replace his personal property items; allow him 2 hours a week to research caselaw; produce him via video once every 45 days; and review all write-ups. (*Id.* at 18.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A district court may only grant preliminary relief where there is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This relationship is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." 810 F.3d at 636.

### i. Graham's allegations regarding write-ups and library access are not sufficiently related to his complaint

Graham's allegations relating to write-ups and his risk factor score ("RFS") do not meet the standard for injunctive relief because there is an insufficient nexus between the allegations in his complaint and in his motion for a preliminary injunction. Graham alleges that NDOC have improperly charged him with violations causing his RFS to be too high for him to be transferred to LCC. (ECF No. 110 at 5-11.) Graham requests that the Court review the write-ups, transfer him to California, and transfer him to LCC. (*Id.* at 18.) Graham also alleges that Defendants have denied him access to the law library and requests that the Court allow Plaintiff at least two hours a week to research caselaw. (ECF No. 110 at 18.) Graham's complaint does not include allegations related to write-ups, risk factor score, or access to the law library. Therefore, the Court lacks authority to grant the relief requested.

### ii. Plaintiff's allegations regarding risk to life and medication fail to show likelihood of irreparable harm

Graham makes general allegations about risks to his life and requests that the Court grant relief to ensure the preservation of his life, including producing him via video once every 45 days to ensure that he is alive. (ECF No. 110 at 18.) Graham claims that he has been put in danger by being placed in solitary confinement. (ECF No. 110 at 2.) However, Defendants have provided movement history and case notes showing that staff have complied with Graham's housing requests to the extent possible, including requests to be placed in solitary confinement for his own safety. (ECF Nos. 143 at 18, 46-2.) These allegations therefore fail to show that Graham is likely to suffer irreparable harm.

Graham also alleges that Defendants have deprived him of property and requests the return of several items, including a lamp, headphones, TV, and prayer rug. (ECF No. 110 at 18.) Graham has not alleged, and the Court does not find, that the deprivation of these items will cause irreparable harm.

Graham finally alleges that prison staff have failed to provide him with necessary seizure medications and requests that the Court ensure that Defendants renew his prescriptions and ensure basic care. (ECF No. 110 at 2, 6, 18.) Defendants have provided medical records showing that Graham was consistently provided with his seizure medication. (ECF No. 143-6.) Therefore, this allegation fails to show that Graham is likely to suffer irreparable harm in the absence of injunctive relief.

### A. Graham's Supplemental Motions and Defendants' Motion to Strike (ECF Nos. 150, 156, 166)

Graham has filed a motion seeking to "abolish" Defendants' response and supplement his motion for injunctive relief. (ECF No. 150.) Defendants argue that Graham's motion is procedurally improper and should be stricken or alternatively denied. (ECF No. 156.) The Court agrees with Defendants.

The Court has inherent authority to manage its docket and discretion to strike improper documents from the record. *Dietz v. Bouldin.,* 579 U.S. 40, 47 (2016); *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010). Under the local rules, "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). "The judge may strike supplemental filings made without leave of court." *Id.*

Graham filed this fourth request for injunctive relief (ECF No. 110, 111), an errata to that request (ECF No. 116), and a reply to Defendants' response (ECF No. 136). Graham has not shown that good cause exists for the Court to grant him leave to file additional briefing. The Court therefore grants Defendant's motion to strike ECF No. 150. The Court further denies as moot Graham's motion to strike Exhibit B of ECF No. 150. (ECF No. 166.)

### B. Objections to Magistrate Judge Orders (ECF Nos. 90, 147)

Graham objects to two orders entered by Magistrate Judge Albregts. (ECF Nos. 90, 147.) A district judge may reconsider any pretrial matters referred to a

5

magistrate judge when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. LR IB 3-1.

In ECF No. 84, the first order Graham objects to, Judge Albregts denied several motions because Graham had failed to provide legal authority, sought duplicate relief, repeated the legal and factual points of his underlying claims, and failed to comply with the Federal Rules of Civil Procedure and the local rules (ECF No. 84.) Graham argues that his pleadings were supported and requesting emergency review. (ECF No. 90.) He does not show that Judge Albregts' order was clearly erroneous or contrary to law.

In ECF No. 138, the second order Graham objects to, Judge Albregts denies various motions for similar reasons. (ECF No. 138.) Graham objects, making the same arguments he made in the underlying motions. (ECF No. 147.) He does not show that Judge Albregts' order was clearly erroneous or contrary to law.

The Court therefore denies both motions and affirms Judge Albregts' orders.

### III.    CONCLUSION

It is therefore ordered that Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF Nos. 110, 111) is denied without prejudice.

It is further ordered that Plaintiff's other motions (ECF Nos. 90, 147, 166) are denied.

It is further ordered that Defendants' motion to strike ECF No. 150 (ECF No. 156) is granted.

DATED: February 11, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE