AARON D. FORD
Attorney General
MAYRA GARAY (Bar No. 15550)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3788 (phone)
(702) 486-3768 (fax)
Email: mgaray@ag.nv.gov

*Attorneys for Defendants Bryan Capristo,
Joseph Gutierrez, Sherry McCracklin,
Erwin Nunez, David Rodriguez,
Nathan Stuart, Bryant Vaughn and
Rayvel Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANKONA GRAHAM,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-00790-ART-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |

Defendants, Bryan Capristo, Joseph Gutierrez, Sherry McCracklin, Erwin Nunez, David Rodriguez, Nathan Stuart, Bryant Vaughn, and Rayvel Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Mayra Garay, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respectfully submit the following Stipulation to Extend Discovery Deadlines outlined in ECF No. 119.

**I.　BACKGROUND**

This action is brought by pro se Plaintiff Sankona Graham (Graham) asserting claims pursuant to 42 U.S.C. § 1983. ECF No. 26. In his Complaint, Graham sues for events that allegedly took place while he was incarcerated within the Nevada Department of Corrections (NDOC) at High Desert State Prison (HDSP). *See generally id.* Graham has been allowed to proceed with the following claims against numerous Defendants: (1) First

Amendment Retaliation (2) Eighth Amendment deliberate indifference to violence by other inmates; and (3) Eighth Amendment deliberate indifference to a serious medical need for seizure mediation (Keppra). ECF No. 25 at 35.

Following the issuance of the initial scheduling order, the parties engaged in discovery. *See* ECF No. 119. Defendants sent their initial disclosures and responded to Graham's first set of requests for production. Thereafter, Defendants supplemented their initial disclosures. No other discovery has been conducted.

On January 2, 2025, Defense Counsel held a telephonic conference with Graham to discuss settlement options. The parties made efforts to settle the matter and an agreement suitable to all had been reached but due to recent disciplinary issues, this offer has since been withdrawn. On February 7, 2025, Defense Counsel held another telephonic conference with Graham who requested an extension to conduct additional discovery. During this call, Graham indicated that he would like to request an additional 60 days for discovery because of the lockdown that occurred in January of this year at High Desert State Prison, which restricted his access to the law library. Assuming the Court is inclined to grant Graham's request, Defendants do not oppose an extension if the discovery permitted is limited to a maximum of 11 requests for production (as Graham has already served and received answers to 14 out of the 25 requests for production permitted) to Defendants in total (not per defendant), 25 interrogatories in total (not per defendant), 25 requests for admission in total (not per defendant). To assist the court in good faith and avoid any further delays which would be caused if Graham had to move the court for an extension, Defense Counsel has agreed to draft and file this stipulation requesting an extension of 60 days.

## II.   LEGAL STANDAND

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court… must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation

relating to proceedings before the court ... are effective until approved by the court. LR 7-1(b).

A request to reopen discovery must be supported by a showing of good cause and excusable neglect. Local Rule 26-3; Fed. R. Civ. P. 6(b)(1)(B). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Local Rule 26-3 provides that "[a] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." When determining excusable neglect, courts may consider (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). LR 26-3 further provides that when the parties seek to re-open discovery, a stipulation must include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

## III.    GOOD CAUSE AND EXCUSABLE NEGLECT

Graham claims that this lockdown and the holiday season impeded him from being able to complete his discovery requests and preparation for summary judgment. Since July of 2024, HDSP, where Graham is currently housed, has been undergoing many changes in its security protocols and these necessary changes have unfortunately caused a temporary delay and/or limited access to certain services, including law library services. Upon inquiry, counsel for Defendants has confirmed that there was a new lockdown imposed at HDSP in January of this year. While HDSP has made significant efforts to return to its normal operations, events such as lockdowns would cause delays and/or limited access to certain services to prevent security issues. An extension of the discovery deadlines will permit Graham to finish conducting discovery (11 requests for production, 25 interrogatories, and

25 requests for admission in total, not per party) and to prepare his opposition to Defendants' upcoming motion for summary judgment. Thus, despite the parties' diligence, the current discovery deadlines could not have reasonably been met.

The parties further contend that excusable neglect exists because there is no prejudice to any of the parties, the length of the delay is necessary to ensure that the parties have a fair opportunity to prepare their case and defenses, and the parties are stipulating in good faith. First, the parties agree that discovery should be reopened and that no party will be prejudiced by such an extension if the court agrees to limit Graham's discovery to 11 requests for production, 25 interrogatories, and 25 requests for admission in total, not per party. Second, the parties respectfully request an additional 60 days of discovery to have sufficient time to complete factual discovery and address any potential discovery disputes.

## IV.  LOCAL RULE 26-3 REQUIREMENTS

### a. Discovery Completed

Defendants served initial disclosures of NDOC Defendants pursuant to FRCP 26. Graham served Defendants with 14 requests for production Defendants responded to these requests.

### b. Discovery that Remains to be Completed

1. Graham's initial disclosures
2. Written Discovery by Graham
   a. Requests For Admission – 25 total (not per defendant)
   b. Requests For Production – 11 total (not per defendant)
   c. Interrogatories – 25 total (not per defendant)

### c. Reasons the Remaining Discovery Was Not Completed

As explained before, it is likely that Graham did not issue discovery requests because the parties were very close to settling this matter but due to recent disciplinary charges, the offer that had been proposed by Defendants has since been withdrawn. Graham informed Defense Counsel during the meet and confer on February 7, 2025, that the holiday

season and lockdown at HDSP in January of this year prevented him from being able to complete discovery and prepare his upcoming discovery motions and opposition to Defendants' motion for summary judgment. The parties have worked together in good faith to conduct discovery, but Graham needs more time to finish conducting discovery. Notably, Graham asserts that the latest lockdowns have prevented him from being able to do legal research in preparation for his discovery motions and opposition to Defendants' motion for summary judgment. Defendants, in good faith and an abundance of caution to ensure the fairness of this litigation, do not oppose Graham's request if limited as stated above. The parties have discussed and outlined the discovery that the parties believe will be necessary to complete discovery and now propose these new discovery deadlines to the court.

### d. Proposed Schedule for Completing Remaining Discovery

The parties jointly propose the following discovery plan, which allows approximately 60 days to complete discovery:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Discovery Cut-Off | February 5, 2025 | April 7, 2025[1] |
| Discovery Motions | February 19, 2025 | April 21, 2025[2] |
| Dispositive Motions | March 7, 2025 | May 6, 2025 |

///
///
///
///
///
///
///

---

[1] Because 60 days from February 5, 2025 is Sunday, April 6, 2025, the next business day, Monday, April 7, 2025 is proposed instead.
[2] Because 60 days from February 19, 2025 is Sunday, April 20, 2025, the next business day, Monday, April 21, 2025 is proposed instead.

In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the decision on the dispositive motions or by further order of the court.

DATED this 20th day of February, 2025.　　DATED this ___th day of February, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　AARON D. FORD
　　　　　　　　　　　　　　　　　　　　　　　　Attorney General

By: _____　　　　　　By: /s/ Mayra Garay
SANKONA GRAHAM　　　　　　　　　　　　MAYRA GARAY
Pro se Plaintiff　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

**IT IS SO ORDERED subject to the following modification.** The parties' stipulation fails to include a deadline for filing the joint pretrial order. Accordingly, the deadline to file the Joint Pretrial Order is **June 5, 2025.** If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED this 24th day of February 2025.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on February 20, 2025, I electronically filed the foregoing _____ via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

    Sankona Graham, #1271113
    High Desert State Prison
    P.O. Box 650
    Indian Springs, Nevada 89070
    *Plaintiff, Pro Se*

    /s/ Andrea Beckett
    ANDREA BECKETT, an employee of the
    Office of the Nevada Attorney General